UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN TSE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 04-11698-NMG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT FINANCIAL JUDGMENT (FINE)
PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 2255**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts and Assistant U.S. Attorney Heidi E. Brieger, hereby responds to Petitioner Stephen Tse's ("Tse") Motion To Vacate, Set Aside, Or Correct Financial Judgment (Fine) Pursuant to Title 28, United States Code, Section 2255 (the "Petition"). By this pro se Petition, Tse requests that this Court resentence him on the grounds that he is unable to pay either the fine or the mandatory special assessment that are part of judgment in his criminal case (United States v. Stephen Tse, Criminal Number 93-10352-NMG).

I. **PERTINENT BACKGROUND**

*The Sentence.* After a trial and the jury's guilty verdict, this Court imposed judgment on October 21, 1996. Tse was sentenced to a total term of 188-month term of incarceration,

followed by a 3-year term of supervised release, payment of a $175,000 fine, and payment of a $150 mandatory special assessment. (A copy of the Judgment is attached hereto as Exhibit A.)

**The Appeal.** On appeal, Tse alleged five errors committed by the district court. By decision dated February 3, 1998, the Court of Appeals rejected each of Tse's claimed errors, and affirmed Tse's conviction. United States v. Stephen Tse, 135 F.3d 200 (1st Cir. 1998).

**The First Habeas Petition.** After the First Circuit affirmed his conviction, Tse filed a habeas petition on February 11, 1999, alleging errors committed by the district court and defense counsel during the course of his trial. By decision dated September 6, 2000, this Court denied all the claims raised in Tse's habeas petition. Stephen Tse v. United States, 112 F.Supp. 2d 189.

**The Appeal of the First Habeas Petition.** Tse next filed a pro se motion application for a certificate of appealability. The Court of Appeals found that this Court should have held an evidentiary hearing with respect to one aspect of Tse's ineffective assistance of counsel claims, and thus remanded the matter for an evidentiary hearing on that claim. Stephen Tse v. United States, 290 F.3d 462 (1st Cir. 2002).

**District Court Hearing on First Habeas Petition.** In accordance with the First Circuit's Remand Order, on September 18

and 19, 2002, this Court held an evidentiary hearing on Tse's ineffective assistance of counsel claim. By Memorandum and Order dated October 31, 2002, this Court denied Tse's Petition for Habeas Corpus relief. (A copy of this Court's Memorandum and Order is attached hereto as Exhibit B.)

### *The Instant Petition.*

In the instant Petition, Tse claims that this Court "disregarded" the information in his Presentence Report concerning his financial condition, and imposed a $175,000 fine, "knowing that the defendant cannot pay such fine ...". Petition, p. 2. As a remedy, Tse seeks to have his criminal fine be "Vacated, Set Aside, or Corrected pursuant to this Motion ...". Tse raises no other issues or bases for relief. Having filed the instant Petition after the denial of his first Petition, supra, the instant Petition is a "second or successive" motion pursuant to 28 U.S.C. § 2255(4), and as such, is governed by the provisions of 28 U.S.C. § 2244.

## II.  LEGAL STANDARD

### *Title 28, United States Code, Sections 2255(4) and 2244.*

This Court lacks jurisdiction to entertain Tse's Petition on the merits. Libby v. Magnusson, 177 F.3d 43, 45 (1st Cir. 1999) (a second or successive habeas petition is not a matter of right). Title 28, United States Code, Section 2255(4) provides in pertinent part as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate

court of appeals to contain-

>  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>  (2) a new rule of constitutional law, made retroactive, to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(4). Section 2244(b)(3)(A) clearly requires that, prior to filing a second or successive petition, Tse was required to "move in the appropriate court of appeals for an order authorizing the district court to consider the application". Tse did not do so, this Court lacks jurisdiction to review the Petition. See Rasheed v. Nolan, 2004 WL 3019348 (D. Mass. 2004)(lack of First Circuit certification deprives district court of jurisdiction to consider second or successive petition).

Even had Tse applied to the First Circuit to certify his Petition, it is highly improbable that such certification would be forthcoming in light of the nature of his claim. Here, Tse failed to raise any claim relating to his fine in his appeal or in his initial § 2255 Petition. The claim is not based on newly discovered evidence (to the contrary, Tse claims that the evidence supporting his claim existed in his Presentence Report). Nor does he raise any new rule of constitutional law: his claim arises from his own alleged financial hardship.

The scope and nature of the issues permitted to be presented

for review and certification is limited and narrow. Section 2244(b)(2), which sets forth the certification process, provides that where, as here, a claim in a second or successive petition was not included in the original petition, it must be dismissed except in narrow circumstances. For example, a new claim must be based on newly discovered evidence, or must arise from a new rule of constitutional law.

Accordingly, the United States respectfully requests this Court to deny the Petition in its entirety.

>                    Respectfully submitted,
>
>                    MICHAEL SULLIVAN
>                    United States Attorney
>              By:
>                    _____
>                    HEIDI E. BRIEGER
>                    Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

Suffolk, ss.                    Boston, Massachusetts
                                June 23, 2005

I, Heidi E. Brieger, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing Government's Response To Petitioner's Motion To Vacate, Set Aside, Or Correct Financial Judgment (Fine), to Stephen Tse, c/o FCI Raybrook, P.O. Box 9008, Raybrook, NY 12977-9008.

_____
HEIDI E. BRIEGER
Assistant U.S. Attorney