United States District Court
District of Massachusetts

```
STEPHEN TSE              )
                         )
        Plaintiff,       )
                         )   Civil Action No.
        v.               )   99-10305-NMG
                         )
UNITED STATES OF AMERICA )
                         )
        Defendant.       )
                         )
```

DOCKETED

MEMORANDUM & ORDER

GORTON, J.

I. Background

On December 21, 1993, a multi-count indictment was returned against petitioner Stephen Tse ("Tse") charging him with numerous federal crimes. Following protracted proceedings in Hong Kong, Tse was finally extradited on Count 16 of that indictment. The government and Tse entered into plea negotiations which resulted in a conditional plea agreement (pursuant to Fed. R. Crim. P. 11(e)(1)(C)).

The agreed upon disposition under that plea agreement was rejected by the district court, Tse withdrew his plea and, after further international contacts, Tse was tried and convicted on three counts of the original indictment. Those convictions were for: attempted murder in aid of a racketeering enterprise, in violation of 18 U.S.C. §1959(a)(5)("Counts 14 and 15") and

-1-

conspiracy to commit murder in aid of a racketeering enterprise, in violation of 18 U.S.C. §1959(a)(5) ("Count 16"). Thereafter, Tse was sentenced to a term of 188 months imprisonment. The First Circuit Court of Appeals affirmed Tse's conviction on appeal.

On February 11, 1999, Tse filed a motion in this Court to vacate his sentence pursuant to 28 U.S.C. §2255 alleging that, with respect to (1) the additional counts for which he was tried after extradition and (2) his plea agreement negotiations, he received ineffective assistance of counsel. Specifically, Tse argued that his attorney gave him inaccurate advice regarding the doctrine of speciality and the maximum sentence that could be imposed in his case. According to Tse, his attorney, Kevin J. O'Dea, informed him that under the doctrine of speciality there was "no way" he could be prosecuted for any counts in the indictment other than Count 16 for which he had been extradited and that, therefore, he could not be sentenced to more than ten years. Had Tse been otherwise informed, he claims, he would have accepted (rather than rejected) the proffered plea agreement and waived his right to trial.[1]

On September 6, 2000, this Court denied Tse's motion to vacate his sentence, finding that Attorney O'Dea's alleged

---

[1] Attorney O'Dea has, since the described events, been appointed Justice of the Brookline Division of the District Court Department of the Trial Court of Massachusetts but will be referred to throughout as "Attorney O'Dea".

-2-

statements did not constitute ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). Specifically, this Court held that Attorney O'Dea's statements were not objectively unreasonable, although, if made, they would have caused prejudice to Tse. Because only one of the prongs of the Strickland test for proving ineffective assistance of counsel had been met, this Court found that Tse could not prevail on his claim.

Tse then filed an application for a certificate of appealability with respect to this Court's denial of his §2255 petition. The certificate was denied, Tse appealed and, on May 17, 2002, the First Circuit Court of Appeals vacated the decision of this Court with respect to Tse's claim of ineffective assistance of counsel based upon Attorney O'Dea's advice on the doctrine of specialty. It found that "the district court erred in dismissing Tse's claim without holding an evidentiary hearing to determine what advice counsel gave." Tse v. United States, 290 F.3d 462, 464 (1st Cir. 2002). While the Circuit Court made no determination as to what advice would amount to ineffective assistance of counsel, the Court implied that if the advice was given as alleged by Tse, it might be objectively unreasonable because (1) "the law was well-established that the principle of specialty may be waived by the asylum state" and (2) its earlier decision on direct appeal that waiver was unnecessary "was foreshadowed by existing case law." Id. (internal quotations

-3-

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**Stephen Tse,**
    **Petitioner,**

v.

**United States of America,**
    **Respondent,**

CIVIL ACTION

NO. 99-10305-NMG

## ORDER OF DISMISSAL

Gorton, D. J.

In accordance with the Court's Memorandum and Order dated __10/31/02__, denying the petition to vacate, set aside or correct sentence, it is hereby ORDERED that the above-entitled action be and hereby is dismissed.

By the Court,

__10/31/02__
Date

_/s/_
Deputy Clerk

(Dismmemo.ord - 09/92)                                                      [odism.]

omitted). The First Circuit Court of Appeals also directed this Court to explore further the question of prejudice on remand. <u>Id.</u>

In accordance with that ruling, this Court held an evidentiary hearing on September 18 and 19, 2002 to determine what advice counsel gave to Tse and whether that advice constitutes ineffective assistance of counsel under the <u>Strickland</u> test. Both Tse and Attorney O'Dea testified at that hearing and, thereafter, per order of this Court, both parties filed proposed findings of fact and conclusions of law. After thorough review of the testimony presented at the hearing, memoranda of law submitted by the parties and the opinion of the First Circuit on direct appeal, the Court enters the following findings of fact and conclusions of law.

II. **Findings of Fact**

1. On December 21, 1993, a federal grand jury returned a multi-count indictment against Tse. Following his arrest in Hong Kong, Tse hired an attorney and contested extradition to the United States for over one year. During the extradition proceedings, Tse was provided with a copy of the indictment and was aware that it contained multiple counts. Tse brought that copy of the indictment with him when he was extradited and transported to Boston, Massachusetts in January, 1995.

2. On February 2, 1995, Tse was arraigned on Count 16 of the

-4-

indictment but he understood that the remaining charges in the indictment were still pending before the Court.

3. In June, 1995, Tse hired Attorney O'Dea to represent him in the pending criminal case.

4. In November, 1995, Tse entered into a conditional plea agreement with the government pursuant to Fed. R. Crim. P. 11(e)(1)(C). Tse knew that the terms of that agreement provided for a 97-month prison sentence under Count 16 and dismissal of the other charges pending against him after imposition of that sentence. Pursuant to that plea agreement, Tse pled guilty to Count 16 on November 27, 1995 but, again, was aware that other charges in the indictment remained pending against him.

5. During discussions with Tse about the plea agreement, Attorney O'Dea informed Tse that if the remaining counts in the indictment were not dismissed, Tse could be further prosecuted under those counts if he remained in the United States more than 30 days after the completion of his sentence under Count 16.

6. On February 7, 1996, Tse appeared before this Court at the scheduled sentencing hearing. Upon review of the pre-sentence report, this Court rejected the plea agreement which called for a 97-month prison sentence and afforded Tse the option of withdrawing his plea. Attorney O'Dea advised Tse that it was likely that this Court would impose

-5-

a 120-month sentence under the United States Sentencing Guidelines. He recommended that Tse withdraw his plea which Tse did, whereupon this Court informed the parties that a trial date would be set.

7. Following the withdrawal of Tse's plea and conversations between Attorney O'Dea and Assistant United States Attorneys, Attorney O'Dea recommended to Tse that he join with the government in filing a joint motion for reconsideration of this Court's decision to reject the 97-month sentence. Attorney O'Dea also informed Tse that he understood that this Court had indicated that it intended to allow the joint motion and to impose the agreed-upon sentence.

8. In discussing with Tse the proposed motion for reconsideration, Attorney O'Dea recommended it because (a) the government's evidence against him was strong, (b) if Tse didn't join he risked exposure to a sentence of an additional 23 months on Count 16, (c) the plea would allow Tse to resolve the entire case because the remaining counts would be dismissed and (d) as Attorney O'Dea had previously advised, if the remaining counts were not dismissed, Tse would risk additional prison time from exposure to the entire indictment if he remained in the United States more than 30 days after completion of his sentence under Count 16.

-6-

9. Tse initially agreed to join the motion for reconsideration but later withdrew that agreement, notwithstanding the advice and recommendation of Attorney O'Dea, and told O'Dea to request a trial. From that point forward, Tse expressed no interest in pleading guilty and only wanted to go to trial.

10. After Tse withdrew from the joint motion for reconsideration and this Court was informed at a status conference on March 11, 1996 of Tse's desire to go to trial, the government sought and obtained permission from the Government Secretariat of Hong Kong to prosecute Tse on Counts 14 and 15 of the indictment. On May 30, 1996, Tse was arraigned on those Counts but, prior to that arraignment, Attorney O'Dea met with Tse and informed him that he now faced a maximum sentence of 30 years if he proceeded to trial on all three counts.

11. At the arraignment on May 30, 1996, the government informed Tse that he faced penalties of ten years on each of the three pending counts and, specifically, that the maximum sentence would be 30 years. In that regard, this Court finds that Tse's sworn testimony that no one told him he faced a 30-year sentence is not credible.

12. Following Tse's second arraignment, the government proposed a new plea agreement that would have resulted in a sentence of imprisonment of 121 months and dismissal of the remaining

-7-

counts of the indictment. Attorney O'Dea discussed that proposal with Tse, explained to him that he faced 30 years if he proceeded to trial and advised Tse to accept the proposed agreement. Tse rejected that advice and instructed Attorney O'Dea to proceed to trial. In that regard, this Court discredits Tse's testimony that he only proceeded to trial on the three counts "because [Attorney O'Dea] told me that the sentence would not exceed 120 months".

13. Tse was convicted on Counts 14, 15 and 16 of the indictment on July 25, 1996 and was later sentenced to 188 months imprisonment. In preparation for sentencing Attorney O'Dea reviewed the pre-sentence report with Tse, informed him that the government would request a 30-year sentence and expressed concern that this Court might impose such a sentence. Attorney O'Dea further informed Tse that he would recommend a 15-year sentence. At no time during those discussions or after the sentence was imposed did Tse express any shock or surprise to his attorney, and this Court finds that, contrary to Tse's sworn testimony, he understood that he was exposed to such a sentence from the time of his second arraignment.

14. At all times during the aforementioned proceedings and throughout his subsequent appeal to the First Circuit Court of Appeals, Tse was represented by Attorney O'Dea and at no time during those proceedings did he express any

-8-

dissatisfaction with his counsel.

15. Tse's sworn statement that Attorney O'Dea informed him that there was "no way" he could or would receive more than ten years misrepresents the context of that discussion and to the extent that there was any discussion of a ten-year maximum sentence, it related only to Tse's exposure under Count 16.

16. Attorney O'Dea did not advise Tse that the government was prevented by law from taking him to trial on the other counts in the indictment but rather, informed Tse that if the other counts in the indictment were not resolved and Tse remained in the United States more than 30 days after the expiration of his sentence under Count 16, he would be exposed to prosecution on those other counts.

17. Attorney O'Dea did not think about or discuss with Tse the possibility that (a) the government might obtain authority from the Government Secretariat of Hong Kong to prosecute Tse on additional charges contained in the indictment or (b) the government could prosecute Tse on additional counts in the indictment without first obtaining consent from the Government Secretariat of Hong Kong.

18. Based upon the foregoing findings, Tse's testimony and affidavit to the effect that he would not have withdrawn his guilty plea even with the prospect of a 120-month sentence had counsel correctly advised him on the consequences of a

trial on Counts 14 and 15 are not credible.

## III. Conclusions of Law

In order to prove ineffective assistance of counsel, the defendant has the burden of proving that (1) counsel's performance "fell below an objective standard of reasonableness" and (2) but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 & 694 (1984); Hill v. Lockhart, 474 U.S. 52, 58 (1985)(applying two-part Strickland test in context of guilty pleas). While this standard should guide a court's decision as to whether there has been ineffective assistance of counsel, the underlying concern in all such cases is whether "the result of a particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results." Strickland, 466 U.S. at 696.

Because Strickland proposes a necessary two-prong test for ineffective assistance, insufficient evidence of either (1) unreasonableness or (2) prejudice is enough to rebut the claim. Consequently, "there is no reason for a court...to address both components of the inquiry if the defendant makes an insufficient showing on one". Id. at 697. If, for example, it is easier for a court to dispose of an ineffectiveness claim due to lack of sufficient prejudice, "that course should be followed." Id.

-10-

In this case, as illuminated in this Court's findings of fact, Tse's allegations that Attorney O'Dea told him that (1) there was "no way" he could receive a sentence of more than ten years and (2) the government was prevented by law from prosecuting him for anything other than Count 16, are either misrepresentations of Attorney O'Dea's advice or wholly incredible. Therefore, the reasonableness of those statements is no longer of consequence.

The only conduct at issue, then, is Attorney O'Dea's failure to inform Tse explicitly that (1) the government *could* seek consent from Hong Kong to prosecute him on counts other than Count 16 or, alternatively, (2) it was unnecessary for the government to obtain a waiver from Hong Kong in order to prosecute him on additional counts. Regardless of whether that omission was objectively unreasonable (which this Court concludes it likely was not) Tse has demonstrated no prejudice therefrom and, consequently, has not proved ineffective assistance of counsel under the Strickland test.

A.  **Strickland Prejudice**

In order to satisfy the prejudice requirement in the context of a plea agreement, a defendant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process". Hill, 474 U.S. at 59. In this case, therefore, Tse must show that but for Attorney O'Dea's omission,

-11-

he would have accepted the plea agreement, pled guilty and waived his right to a trial.

The First Circuit Court of Appeals has not yet spoken to the issue of whether a defendant's post-conviction statement that he would have accepted a proffered plea but for his counsel's advice or lack thereof is sufficient, standing alone, to warrant a finding of prejudice. Tse, 290 F.3d at 464. In United States v. Labonte, 70 F.3d 1396, 1413 (1st Cir. 1995)(*rev'd on other grounds at* 520 U.S. 751 (1997)), however, the First Circuit held that

> defendant's statement that but for his counsel's inadequate advice he would have pleaded not guilty, unaccompanied by either a claim of innocence or the articulation of any plausible defense that he could have raised...is insufficient to demonstrate the required prejudice.

See also Torres Rosa v. United States, 146 F. Supp.2d 129, 134 (1st Cir. 2001). While the facts of Labonte are the reverse of those here, i.e. the defendant there claimed he would *not* have pled guilty had he been properly advised, the court's holding in that case implies that where a defendant relies solely on his own post-conviction testimony to demonstrate that he would or would not have accepted a plea offer, it is insufficient to meet the Strickland prejudice test.

Even if a defendant's bare allegations were sufficient to prove prejudice, a court must look to the facts of a particular case to determine whether they are consistent with those

-12-

allegations. See generally Labonte, 70 F.3d at 1413. In Labonte, for example, the defendant claimed that his attorney assured him his sentence would be no longer than 18 months and that there was "no way" he would be sentenced as a career offender. Id. While the First Circuit found that the defendant's testimony, standing alone, was not enough to prove prejudice, it also looked to the facts of the case to bolster its decision, finding that (1) defendant signed a plea agreement which stated that he faced a possible maximum sentence of 30 years and (2) the district court reiterated that warning in its plea colloquy which defendant stated he understood. Id. Neither of those facts was consistent with defendant's allegations and those inconsistencies helped the First Circuit "add the finishing touch" to its decision. Id.

Finally, there are certain acts which, considered alone, are simply not prejudicial under the Strickland test. Where, for example, an attorney inaccurately predicts his client's probable sentence, the prejudice prong is not satisfied without more. Labonte, 70 F.3d at 1413 (no prejudice); Torres Rosa, 146 F. Supp.2d at 134 (no prejudice where attorney did not advise defendant that he would be facing a career offender sentence based on his prior convictions); Knight v. United States, 37 F.3d 769, 775 (1st Cir. 1994).

In this case, Tse has failed to prove prejudice under the Strickland test because (1) he relies solely on his own unsupported allegations which are wholly unsupported by the facts

of this case and (2) Attorney O'Dea's omission, standing alone, is insufficient to support a finding of prejudice. First, as was true with the defendants in Labonte and Torres Rosa, aside from Tse's own allegation that he would have pled guilty but for Attorney O'Dea's failure to advise him affirmatively of all the details of the doctrine of specialty, Tse offers no objective evidence to support that claim.

Moreover, there is ample evidence in this case that Tse would *not* have pled guilty even if he had been explicitly notified that the government could prosecute him on charges other than Count 16. The most compelling evidence in that regard is Tse's withdrawal from the joint motion for reconsideration in March, 1996, after being informed that this Court would reconsider and accept the 97-month sentence provided for in the rejected plea agreement.

Only six months earlier, Tse had willingly pled guilty pursuant to that conditional plea agreement which included the dismissal of the remaining counts in the indictment. Nothing had changed in the interim and Tse was aware from the outset that he faced a maximum sentence of ten years on Count 16 but that he could be prosecuted for the remaining counts in the indictment if they were not dismissed and he remained in the country for more than 30 days after his release from prison. Not only was there no rational reason for Tse to reject the joint motion for

-14-

reconsideration, but also it is not credible that Tse did so because Attorney O'Dea failed to inform him that the government could prosecute him for the other counts in the indictment. How could a lack of that information have dissuaded Tse from accepting a sentence to which he had previously agreed?

Equally compelling of the conclusion that Tse wanted to go to trial notwithstanding Attorney O'Dea's advice is the evidence of Tse's rejection of the government's second plea offer. Following his arraignment on Counts 14 and 15 of the indictment on May 30, 1996 and being advised that he faced a maximum 30-year sentence, Tse refused to accept the proffered plea agreement that called for a sentence of 121 months. Tse's rejection of that offer in the face of a potential sentence three times as long is entirely inconsistent with his claim that he was previously misinformed by Attorney O'Dea with respect to a ten-year maximum sentence.

In each of the foregoing instances, Tse acted against the advice of Attorney O'Dea who, at each juncture, recommended that Tse accept the plea agreement offered by the government. That fact, considered in light of Tse's obvious desire to go to trial following his rejection of the first plea agreement disproves any claim of prejudice resulting from the alleged ineffective assistance of counsel.

Finally, in light of the decisions in Labonte and Torres Rosa, Attorney O'Dea's omission, standing alone, is insufficient

-15-

to support a finding of prejudice under Strickland. In each of those cases, counsel's error with respect to the calculation of the defendant's maximum sentence was insufficient, by itself, to establish that but for such error, the defendants would have decided to go to trial. In this case, Tse's allegation that Attorney O'Dea failed to inform him of the government's ability to prosecute him for other counts in the indictment amounts to a claim that counsel misinformed Tse as to the maximum sentence he could receive if prosecuted on all counts. Tse's bare allegation, without more, is, therefore, insufficient to prove that, but for that "misinformation", he would have chosen to plead guilty rather than risk a trial on the merits.

Based upon its findings of fact, this Court concludes that Tse has failed to prove that he was prejudiced by any conduct or advice of his counsel, Attorney O'Dea. Tse's §2255 petition based upon his claim for ineffective assistance of counsel will, therefore, be dismissed.

ORDER

Based upon the findings of fact and conclusions of law set forth in the Memorandum above, the §2255 Petition of Stephen Tse, alleging ineffective assistance of counsel, (Docket No. 1) is **DENIED**.

So Ordered.

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge

Dated: October 31, 2002

-17-