UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------*
Stephen Tse,
        Petitioner,


v.                              Civil No. 04-11698(NMG)


United States Of America,
        Respondent.
-------------------------------------*

## MOTION FOR LEAVE TO AMEND

Please take notice, that the above-captioned Plaintiff
will now motion this court pursuant to Rule 15(a) of the Federal
Rules Of Civil Procedure. In this instant motion, the plaintiff
seeks the permission of this court to amend his complaint in an
endeavor to clarify and particularize issues and allegations set
forth against the defendant, and give this court jurisdiction to
hear this case on the merits under **28 U.S.C. § 2255 ¶ 6(3).**


                              Respectfully,


                              Stephen Tse, Pro se.


(1)

**Rigth For Leave To Amend**

It is an undisputable fact that Pro se plaintiff's are often unfamiliar with the formalities of pleading requirements. Recognizing this, the Supreme Court has instructed the District Courts to construe Pro se complaints liberally and apply a more flexible standard in determining the sufficiency of a Pro se complaint, than they would in reviewing a pleading submitted by counsel. **Platsky v. C.I.A.,** 953 F.2d 698, 705 (2nd Cir. 1991) (Citation Omitted).

Leave to amend during the pendency of a Motion To Dismiss should be fairly freely afforded. **Westwood v. Cohen,** 838 F.Supp. 126, 132 (S.D.N.Y.1993)(Citation Omitted). Likewise, Leave To Amend should also be fairly freely afforded even after a court has entered judgement dismissing the original complaint. **Satchell v. Dilworth,** 745 F.2d 781, 785 (2nd Cir. 1984)(Citation Omitted)(amended complaint after Rule 12(b)(6) dismissal).

In regards to the  foregoing determination of law, the Court construes the Petitioner's petition seeking relief  from the fine; As a petition under  **28 U.S.C. § 2255**; and by Order dated March 7, 2005, the Court has directed the government to respond.

On March 29, 2005, the government requested an enlargement of time until April 29, 2005; but did not file their response until June 23, 2005, long past the required response date, asking this court to dismiss this action for lack of jurisdiction is currently pending before this court, and leave to amend during the pendency of said Motion should be afforded. **Westwood,**

838 F. Supp. at 132. Additionally, the plaintiff should be
allowed  leave to amend his complaint as the plaintiff would like
to particularize the potentially  cognizable claims and give
this court jurisdiction to hear  the merits of this claim under
**Section 2255 ¶ 6(3)**. **Coleman v. Peyton,** 340 F.2d 603, 604 (4th
Cir. 1965)(plaintiff should be allowed to particularize claim).

In all due respect, the plaintiff hereby amends his
complaint.

Respectfully,

Stephen Tse, Pro se
Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------*
Stephen Tse,
          Petitioner,

v.                                   Civil No. 04-11698(NMG)


United States Of America,
          Respondent.
------------------------------------*


PETITIONER'S AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE AND FINANCIAL JUDGEMENT (FINE) WHICH IS INCLUDED
AS PART OF THE SENTENCE PURSUANT TO TITLE 28 U.S.C.
§ 2255, IN RESPONSE TO THE GOVERNMENT'S
MOTION TO RESPONSE
_____

## Introduction.

**COMES NOW,** Stephen Tse, Petitioner, pro se at F.C.I. Ray
Brook, New York, and files this Amended Memorandum in Support
of his amended Motion for leave to amend motion to vacate
sentence, set aside  or correct sentence of a Federal Prisoner
in custody.

## Background History.

The Petitioner was sentenced to 188 months of imprisonment,
followed by a 3 year term of Supervised release, payment of a
$175,000.00 fine, and a $150.00 mandatory special assessment
fee, on October 21, 1996, after a trial and the jury's guilty
verdict.

## The Appeal.

On appeal, the Petitioner alleged five errors committed
by the district court. By decision dated February 3, 1998, the

(4)

Court Of Appeals rejected each of the Petitioner's claimed
errors and affirmed Petitioner's conviction. See **United States**
**v. Stephen Tse,** 135 F.3d 200 (1st Cir. 1998).

**First Habeas Petition.**

Tse filed a habeas petition on February 11, 1999, alleging
errors that were committed by the district court and defense
counsel durin the course of his trial. By decision dated
September 6, 2000, this court denied all of the claims raised
in Tse's habeas petition. See **Stephen Tse v. United States,** 112
F.Supp. 2d 189.

**The Appeal Of The First Habeas Petition.**

Tse next filed a pro se motion for Certificate Of
Appealability. The Court Of Appeals found that this Court should
have held an evidentiary hearing with respect to one aspect of
Tse's claims of ineffective counsel and remanded the case for
an Evidentiary hearing on that claim. See **Stephen Tse v.United**
**States,** 290 F.3d 462 (1st Cir. 2002).

**District Court Hearing On Remand.**

In accordance with the First Circuit's Remand Order, On
September 18, and 19, 2002, this court held and evidentiary
hearing on Tse's ineffective assistance of counsel claim. By
Memorandum and Order dated October 31, 2002, this court
denied Tse's petition for Habeas Corpus relief. Civil Number
99-10305(NMG).

**Jurisdictional Statement.**

**Section 2255** provides that a prisoner in custody under

(5)

sentence of a federal court may file a Motion in the court which
imposed the sentence to Vacate, Set aside or Correct sentence
on the following grounds: (1) that the sentence was imposed in
violation of the Constitution or law of the United States; (2)
that the court was without Jurisdiction to impose such sentence;
(3) that the sentence was in excess of the maximum authorized
by law; and (4) that the sentence is otherwise subject to
collateral attack. **Hill v. United States,** 368 U.S. 424 (1962).
**Tolling Of Petitioner's § 2255 Motion.**

In **Dodd v. United States,** 365 F.3d 1273 (11th Cir. 2004),
Cert Granted No. 04-5286, 76 Crl. 2077 (2004), the court held
that the one year limitation period set forth in § **2255 ¶6(3)**
for prisoner seeking to Vacate, Set aside or Correct sentence on
basis of Constitutional Right newly established by the United
States Supreme Court Commences on date that Supreme Court
initially recognizes that right and not on date that Supreme Court
holding is made retroactively applicable to retroactivity
decision or decision by court of appeal for relevant circuit.

The question as to whether the one year limitation
begins to run when the Supreme Court or controlling circuit
court has held that relevant right applies retroactively to
cases on collateral review pursuant to § **2255 ¶ 6(3)** or when
Supreme Court recognizes new right, whether or not it is made
retroactively applicable to cases on collateral review.

The final decision by the Supreme Court in **Dodd,** Supra,
will dictate the outcome of petitioners action, has now been
decided.

(6)

## LIMITATION PERIOD BEGINS TO RUN WHEN
## SUPREME COURT RECOGNIZES NEW RIGHT

" Waiting until right is declared retroactive to start clock would be contrary to plain language of statute, U.S. Supreme court says.

When a Federal Prisoner seeks collateral relief from a conviction or sentence on the basis of a Constitutional Right newly recognized by the U.S. Supreme Court, the one year limitations period set forth in 28 U.S.C. § 2255 ¶ 6(3) is counted from the date in which the high court initially recognized the right, rather than the date on which the right was declared retroactive, the Supreme Court held June 20, 2005. The Court acknowledged that its holding will preclude relief for many petitioners whom the recognition of the new right might provide a ground for a second or successive petition (**Dodd v. United States,** U.S. No. 04-5286 6/20/05).

Section 2255 ¶6(3) provides that the limitations period runs from the latest of several dates including **" the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on Collateral Review."** Habeas petitions filed by State Prisoners are governed by a statutory provision, 28 U.S.C. § 2244(d)(1) (c) that is identical to paragraph 6(3) in all relevant aspects.

The question of when the limitations period starts had split the circuits, with some taking the position that the period could not commence until the Supreme Court holding had

(7)

been declared retroactive. Both sides characterized  their
positions as being based on the plain language of the statute".
**Plain Language Of Statute.**

"In an opinion by Justice Sandra day O'connor, the court
held that the text of [**Section** 2255] ¶ **6(3)** settles this dispute.
It unequivocally identifies one and only one date from which
the one year limitation period is measured: "the date on which
the right asserted was initially recognized by the Supreme Court"
... what Congress has said in ¶ **6(3)** is clear: an applicant has
one year from the date on which the right he asserts was
initially recognized by this court."

"The petitioner had argued that the plain language of the
Subsection sets forth three distinct prerequsites for seeking
relief, all of which must be met before a petition could be
filed: the right asserted must have been **"initially recognized"**
by the Supreme Court: the right must have been **"newly recognized"**
by the court; and that right must have been **"made retroactively
applicable to cases on collateral review."** He further argued
that compelling prisoners to act on rights not yet declared
retroactive  would present a host of problems stemming from
circuit splits as to whether the right was retroactive and
from courts of appeals  holding non-retroactive a right later
held by the Supreme Court to be retroactive.

The problems with these arguements, the court said,
is that they do not "square with the only natural reading" of
Paragraph **6(3)**, which identifies "One date and one date only
as the date from which the 1 year limitations period runs: "the
date on which the right asseted was initially recognized by the

(8)

Supreme Court".

**Arguement.**

### PETITIONER ACTUAL INNOCENCE TO SENTENCE IMPOSED

In **Murray v. Carrier,** 477 U.S. 478 (1986), the Supreme Court held that for a petitioner to meet the"actual innocence" standard, A petitioner must show that in light of the new evidence, it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt .

The inference here on actual innocence is directing the courts to consider the probative force of relevant evidence that was either wrongly excluded or unavailable at trial. This included the determination of what reasonable, properly instructed jurors would do, and it is presumed that a reasonable juror would consider fairly all of the evidence presented, and would conscientiously obey the trial courts instructions requiring proof beyond a reasonable doubt. See **Apprendi v. New Jersey,** 530 U.S. 466 (2000), **Blakely v. Washington,** 542 U.S. _____ (2004) and **United States v. Booker,** 543 U.S. _____ (2005).

In this instant case, On December 21, 1993, a multi-count indictment was returned against petitioner Stephen Tse ("Tse") charging him with numerous federal crimes. Following protracted proceedings in Hong Kong, Tse was finally extradited on Count 16 of that indictment. The government and Tse entered into plea negotiations which resulted in a conditional plea agreement pursuant to **Fed.R.Crim.P. Rule 11(e)(1)(c).**

(9)

The agreed upon disposition under that plea agreement was
rejected by the district court, Tse withdrew his plea, and,
after further international contacts, Tse was tried and convicted
on three counts of the original indictment. These convictions
were for: Attempted Murder In Aid Of A Racketeering Enterprise,
in violation of **18 U.S.C. § 1959(a)(5)** ("Counts 14 and 15")
and Conspiracy To Commit Murder In Aid Of Racketeering  Enterprise
in violation of **18 U.S.C. § 1959(a)(5)** ("Count 16"); Base Level
Offense of 20  under **§ 2A2.1(a),** The trial court assessment of
**§1B1.1, 2A2.1(b)(2)(A) and 3B1.1(a)** adding 13 (thirteen) points,
and increasing his total offense level to 33 which resulted in
the enhanced sentence to a total term of 188 months of
incarceration, followed by 3 years of Supervised Release, Payment
of $175,000.00 fine and a Payment $150.00 for a Special Assessment
Fee. Petitioner did not agree to nor intelligently and knowingly
accepted to establish the wrong base offense level to 33, which
resulted  in the enhanced sentence of 188 months; nor can
petitioner pay the pending fine of 175,000.00 dollars.

### Intervening Law.

In **United States v. Booker**, No. 04-104, the Supreme Court
held that "other than the fact of a prior conviction, any
fact that increases the penalty for a crime beyond the prescribed
statutory maximum must be submitted to a jury and proved beyond
a reasonable doubt." Citing **Apprendi v. New Jersey,**.

The panel also clarified in **Blakely v. Washington**, that
"the statutory maximum for **Apprendi** purposes is the maximum

(10)

sentence a judge may impose solely on the basis of the facts re-
flected in the jury verdict or admitted to by the defendant."

In **Garcia v. United States,** 278 F.3d 1210, 1212 (11th Cir.
2002) the court held that for a petitioner to prevail  on his
timeliness to file a hebeas corpus on the basis of an
intervening law pursuant to **§ 2255(3)** the following must exist;
(1) that the case doctrine created a newly recognized right; (2)
that § 2255(3) does not require retroactivity determination to
be made by the Supreme Court; (3) that the retroactivity deter-
mination to be made by the Supreme Court; (3) that the
retroactivity determination can be made in this case by the
court (4) that the case doctrine is retroactively  applicable
to cases on callateral review . See **Bilzerian v. United States,**
127 F.3d 237, 240 (2nd Cir. 1997): **Howard v. United States,** 11th
Circuit, No. 03-11919, 75 Crl 472 (2004).

### RETROACTIVITY OF THE SUPPORTING CASE DOCTRINE

In **Mullaney v. Wilbur,** 421 U.S. 864 (1995) F.N. 8, a habeas
corpus case that was decided by the Supreme Court, directed that
**In Re Winship,** 397 U.S. 358 (1970), should be given complete retro-
active respect to cases that became final prior to its' decision.
The Supreme Court decided the retroactivity of **In Re Winship** in
**Ivan v. New York City,** 407 U.S. 203 (1972).

In **United States v. Siegelbaum,** No. 04-1380-PA (D.Oregon,
Jan. 2005)(Judge Panner), the court held that **Winship, Ivan K**
and **Henderson** pre-date the retroactivity standard announced
in **Teague.** Those decisions also concerned  the validity  of the

underlying conviction, rather than s sentence enhancement. On
the other hand, at least five justices have said that sentence
enhancements are of sufficient importance to warrant applications
of the reasonable doubt standard in some instance. Citing
**Apprendi, Blakley** and **Booker,** the court concluded that given this
history, "I cannot exclude the possibility that the court might
apply **Blakely/Booker** retroactively in some situations.

## DECISIONS CHANGING CONSTRUCTION OF STATUTE
## § 175, 20 AM Jur. 2d

A deceision that overrules  the judicial interpretation
of a statute generally inherent, in a legislative change of a
statutory rule, except where the overruling decision declares
the statute unconstitutional to the statutes effective date.
Citing **Cassidy v. Firestone Tires and Rubber Co.,** 495 So.2d
801, **Shaw v. General Motors Corp.,** 502 So.2d 362.

Therefore, the case doctrine decision in support of this
action, declaring unconstitutional § **3553(b)(1)** and § **3742(e)**
is retroactive so long as it relates back to date of the
enactment.

In this instant case, petitioner's indictment and conviction
was for attempted murder in aid of racketeering enterprise in
violation of **18 U.S.C. § 1959(a)(5)** ("Counts 14 and 15") and
Conspiracy to Comit Murder  in aid of racketeering enterprise
in violation of **18 U.S.C. § 1959(a)(5)** ("Count 16"), Base Offense
level of 20 which translate to a total base offense level of
33 and a sentence of 188 months of imprisonment. As Petitioner's

sentence currently stands, this is a clear violation of his 6th amendment right, as announced by the Supreme Court.

## PLAIN ERROR FOR THE UNLAWFUL SENTENCE

In **United States v. Ameline,** 376 F.3d 967, 979 (9th Cir. 2004), the court held that a deviation from a legal rule is error unless the rule has been waived. Citing **United States v. Olano,** 507 U.S. 725 (1993). The panel also ruled that in determining whether the error was plain, it must be sufficient [the error] to be clear under the law as it exists at the time of the appeal. Citing **Johnson v. United States,** 520 U.S. at 468. See also doctrine of **Nunc Pro Tunc** and related back doctrine that implicates the unconstitutional declaration of § 3553(b)(1).

The **Ameline** court sums up the whole plain error "substantial right" "the error must have been pre-judicial; It must have effected the outcome of the district court proceedings", citing **Olano,** Supra at 734.

Therefore, the error in this instant case is plain because it effects petitioner's substantial right by increasing his sentence based on the court assessment of **§1b1.1, 2A2.1(b)(2) (A)** and **3B1.1(a)** increasing by 13 points and a sentence of 188 months.

Petitioner believes this error also is structural. See **State v. Fero**, Wash. Ct. App. No. 30356-6-II, 76 Crl. 237 (2005)(**Blakely** error is structural error requiring automatic reversal of enhanced sentence.

(13)

## REQUEST FOR MODIFICATION OF FINE

Section **5E1.2** of the guidelines privodes that: The Court
Shall impose a fine in the cases, except where the defendant
establishes  that he is unable to pay, and is not likely to
become able to pay any fine, "guidelines **§ 5E1.2(a)** ; In im-
posing a fine, a court is to consider, inter alia, the defendants
income earning capacity, and financial resources", **18 U.S.C. §
3572(a)(1) and  (D)(3)** (1988). The court must afford the
defendant  at least a minimal opportunity to show that he
lacks the ability to pay a fine that is proposed by the court.

In this context, it is presumed that the government cannot
proffer the existence of any funds, not previously disclosed
to date. Upon the probation department's indication in the
P.S.R., it reflects that the defendant had $6,000.00 dollars
in the bank in Hong Kong, in Hong Kong Currency, which totals
$900.00 dollars in United States Currency, based on his financial
condition, and his employment record, his monthly income
of $20.00 and necessary monthly expenses, he has **no ability to
pay**. Id. P. 36, 37, 38 and 39 of petitioner's P.S.R.
(Attached hereto as Exhibit _____).

Based on the information contained in the P.S.R. the
defendant is unable to pay and is not likely  to become able
to do so, in this instant case at bar, the defendant has
established, that he is unable to pay and not likely to become
able to pay any fine. See **United States v. Rafferty,** 911 F.2d
227, 232 (9th Cir. 1990)(quoting guidelines) See also
**United States v. Marguez,** 941 F.2d 60, 65-66 (2nd Cir. 1991).

In **United States v. Fair,** the court held that a defendant could rely on the P.S.R. to establish his inability to pay a fine, (979 F.2d 1037, 1041 (5th Cir. 1992)). Also stated, "when a sentencing court adopts a P.S.R. which recites facts showing limited or no ability to pay a fine, the government must come forward with the evidence showing that a defendant can, in fact, pay a fine before a fine can be imposed.

First, of the petitioner's prison earnings, the petitioner is currently paying $30.00 per month toward this fine. The Petitioner is currently employed a Unit Orderly. The petitioner has also been involved in a vocational training program, where he has contributed to his rehabilitation. While not negating the seriousness of the courts sentence, nor of the offenses of conviction, the Petitioner has completed programs offered by the Federal Bureau Of Prisons (See attached as App _____). Also included in the Petitioner's programming is the Inmate Financial Responsibility Program. The petitioner has not incurred one incident report or write-up since his incarceration. As the petitioner currently nears the end of his sentence, the need to save some of his inmate funds is a necessity.

The petitioner has no other source of income. Any and all monies from a previous time in the petitioner's life has dwindled and dried up. The Petitioner contends that with this fine remaining in tact and active, it is going to cause a great strain on the petitioner with his general necessities of life

$(15)$

as well as the petitioner's reintergration back into society.
It will be a tremendous and unnecessary burden.

## ALTERNATIVE AVENUE OF RELIEF

Finally, in the alternative, the Honorable Court may also
issue an Order for the Modification  of the imposed fine pursuant
to 18 U.S.C. § 3582(C)(1)(i)(extrordinary  and compelling
reasons warrant such a reduction. Although this terminology
has not been clearly definedit is asserted that this court may
certainly entertain this petition and look to the term of
imprisonment in reaching the adjudication.

## CONCLUSION

For the reasons stated, relief be granted.


Respectfully Submitted,

Stephen Tse, Pro se
F.C.I. Ray Brook
Post Office Box 9008
Ray Brook, New York 12977

Dated    7 - 7-05

## CERTIFICATE OF SERVICE

I, Stephen Tse, do here-by certify that I have served A.U.S.A. Christopher Donato, Esq. at the United States Courthouse, John J. Moakely Courthouse, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210, with pre-paid, first class postage affixed. this document was deposited in the Institutional Mail Box at F.C.I. Ray Brook, on this 7 day of 7 , 2005

Respectfully Submitted,

Stephen Tse, Pro se