UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN TSE,
    petitioner

v.

UNITED STATES OF AMERICA,
    respondent

Case No. 04-11698(NMG)
Appeals No. 05-2258

APPLICATION FOR A CERTIFICATE OF APPEALABILITY

COMES NOW, Stephen Tse, petitioner pro-se, hereby respectfully submits this application for a Certificate of Appealability in this matter arising from the denial of a Motion under 28 U.S.C. §2255 in the United States District Court for the District of Massachusetts (Gordon, J.).

Petitioner applies pursuant to 28 U.S.C. §2253, seeking issuance of a Certificate of Appealability as to the following questions:

1. Whether the District Court erred as a matter of law in denying an indigent, pro-se prisoner, leave to file a first amendmened complaint to raise sentencing issues which violated petitioner Sixth Amendment rights under Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. \_\_\_\_ (2004); and United States v. Booker, 543 U.S. \_\_\_\_ (2005), which would give the court jurisdiction pursuant to §2255(6)3 in the interest of justice?

2. Whether enhancing a sentence of the basis of a judge-found fact in violation of the Sixth Amendment principle set out

in Apprendi v. New Jersey, 530 U.S. 466, 67 Crl 459 (2000), is "fatal structural error" that is not subject to harmless error review?

This Honorable Court should grant a certificate of appealability on the above questions. On July 7, 2005, while the respondent's Motion to Dismiss was pending, petitioner filed a Motion requesting leave to file his first amended complaint, a brief supporting that motion and a proposed amended complaint [1]/ stating that on December 21, 1993, a multi-count indictment was returned against petitioner charging him with numerous Federal crimes.

The underlying facts are straightforward. Following extradition from Hong Kong on one count of a multi-count Federal indictment, petitioner was tried and convicted on three counts, namely, two counts of attempted murder in aid of a racketeering enterprise in violation of 18 U.S.C. §1959(a)(5) (counts 14 and 15), and one count of conspiracy to murder in aid of a racketeering enterprise in violation of 18 U.S.C. §1959(a)(5), (Count 16).

The Court of Appeals affirmed these convictions on direct appeal. United States v. Tse, 135 F.3d 200 (1st Cir. 1998). Base level offense of 20 under §2A2.1(a), the trial Court assessment of §1B1.1, 2A2.1(b)(2)(A) and 3B1.1(a) adding (13) points and increasing his total offense level to 33, which resulted in the

---

[1]/ See Exhibit A; Petitioner submitted his motion to Amend to prison officials on July 7, 2005. In Houston v. Lack, 487 U.S. 266 (1998), the United States Supreme Court held that a pro-se prisoner's Notice of Appeal in a habeas corpus case was filed at the moment it was given to prison authorities for mailing to the District Court.

enhanced sentence to a total term of 188 months of incarceration, followed by 3 years of supervised release and a fine of $175,000.00 and a special assessment fee of $150.00. Petitioner did not agree to, nor did ne knowingly and intelligently accept the wrong base offense level of 33, which resulted in the enhanced sentence of 188 months and a fine of $175,000.00, that petitioner can not afford. In United States v. Booker, No. 04-104, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Citing Apprendi v. New Jersey. The panel also clarified in Blakely v. Washington, that "the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted to by the defendant." which warrant appellate review. Under the liberal standard for such Certificates (or "COAs"), set forth in Miller-El v. Cockrell, No. 01-7662, 71 USWL 4095 (Feb 25, 2003). Under Miller-El and its predecessors, the "substantial showing" test for COAs, see 28 U.S.C. §2253, a prisoner, like petitioner, has a relatively light burden to earn an appeal.

As the Miller-El Court put it, "A COA does not require a showing that the appeal will succeed, and should not be withheld merely because a Court 'believes that the applicant will not demonstrate and entitlement to relief.' Id, 71 USWL at 4099-4100. Rather, to earn a COA, a petitioner must show only that

3

"reasonable jurists could debate whether (or for that matter, agree that) the petitioner should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further." Id at 4099, Citing Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in turn quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)) (internal quotations omitted).

Here, reasonable jurists could debate the District Court's handling of petitioner's claim under the interpretations of the Sixth Amendment right to jury trial in Blakely v. Washington, 542 U.S. 296, 75 Crl 284 (2004) and United States v. Booker, U.S., 76 Crl 251 (2005); whether enhancing a sentence on the basis of a judge-found fact in violation of the Sixth Amendment principle set out in Apprendi v. New Jersey, 530 U.S. 466, 67 Crl 459 (2000), is fatal structural error that is not subject to harmless error review. See: Washington v. Recuenco, U.S. No. 05-83, review granted October 17, 2005.

Petitioner had a right to file an amended complaint without leave of Court. See: Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(Rule 15(a) of the Federal Rules of Civil Prodedure permits a party to amend a pleading 'once as a matter of course at any time before a responsive pleading is served'") (quoting Fed.R.Civ.P.15(a)). Because he filed a motion seeking leave of Court rather than simply filing an amended complaint, however, leave of Court [was] required to amend." Centifanti v. Nix, 865 F.2d 1422, 1431 (3d Cir. 1989). "Leave to amend shall be freely given when justice so requires," Sanders v. United States, 373 U.S. 1, 19 (1963)

4

(although dismissal was proper, "better course might have been to direct petitioner to amend" (citing authority)). See also <u>Gillelle v. Tansy</u>, 17 F.3d 308, 312-13 (10th Cir. 1994)(District Court abused its discretion in denying petitioner leave to amend petition for second time, given that amendment would not have caused "undue delay" and "there is no evidence of bad faith by petitioner or prejudice to respondent"); <u>Riley v. Taylor</u>, 62 F.3d 86, 90, 92 (3rd Cir. 1995) (District Court's denial of leave to amend habeas corpus petition violated applicable Rule 15(a) standard as "Freely giv[ing]" leave to amend). Likewise, leave to amend should also be fairly freely afforded even after a Court has entered judgement dismissing the original complaint, <u>Satchell v. Dilworth</u>, 745 F.2d 781 785 (2nd Cir. 1984) (citation omitted) (amended complaint after Rule 12(b)(6) dismissal).

    Here, reasonable jurists could debate the District Court's handling of petitioner's claim under <u>Apprendi v. New Jersey</u>; <u>Blakely v. Washington</u>; <u>United States v. Booker</u>; <u>Washington v. Recuenco</u>, U.S. No. 05-83; and Rule 15. For these reasons, a Certificate of Appealability should be issued.

DATED: January 7, 2006

Respectfully Submitted,

Stephen Tse
Reg. No. 14744-038
F.C.I. Ray Brook
P.O. Box 9008
Ray Brook, NY 12977

5

PRROF OF SERVICE

I certify that on __1/7/06__ I mailed a copy of this brief and attachments via first class mail to the following parties at the addresses listed below:

Heidi E. Brieger: United States Attorney's Office
John Joseph Moakley Federal Courthouse
1 Courthouse Way
Suite 9200
Boston, MA 02210

PROOF OF SERVICE FOR INSTITUTIONALIZED OR
INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated shoud indicate the following statements on all documents to be filed with this Court:

I certify that this document was given to prison officials on __1/7/06__ for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_____
Signature

dated: __1/7/06__

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7005 0390 0001 3797 4735

| | |
|---|---|
| Postage | $ 2.21 |
| Certified Fee | 2.30 |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | (17) |
| Total Postage & Fees | $ 6.26 |

Postmark: RAY BROOK NY JUL 07 2005

Sent To: U.S. District Court, John ___
Street, Apt. No.; or PO Box No.: One Courthouse Way
City, State, ZIP+4: Boston, Massachusetts 02210

PS Form 3800, June 2002    See Reverse for Instructions

Exhibit A