United States District Court
District of Massachusetts

```
_____
                              )
STEPHEN TSE,                  )
                              )
        Petitioner,           )
                              )   Civil Action No.
        v.                    )   04-11698-NMG
                              )
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

   The petitioner, Stephen Tse ("Tse"), who is proceeding pro se in this application for issuance of a certificate of appealability ("COA"), was convicted in 1996 of attempted murder and conspiracy to murder in aid of a racketeering enterprise. He was sentenced to 188 months imprisonment and ordered to pay a fine of $175,000.

   Tse filed an initial motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in February, 1999, on the grounds that 1) this Court had provided erroneous jury instructions at his trial, 2) his counsel had been unconstitutionally ineffective and 3) the racketeering statute under which he had been convicted was unconstitutional. Unpersuaded by Tse's contentions, the Court dismissed his

petition and also denied his motion for an evidentiary hearing. Tse v. United States, 112 F. Supp. 2d 189 (D. Mass. 2000). Tse then sought a COA from this Court which was denied. On appeal, the First Circuit decided that this Court had erred by not holding an evidentiary hearing in consideration of Tse's ineffective assistance of counsel claim. Tse v. United States, 290 F.3d 462 (1st Cir. 2002). After holding an evidentiary hearing in accordance with the remand order of the First Circuit, this Court concluded that Tse had not met the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), and consequently dismissed his habeas petition.

In July, 2004, Tse filed a second motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, this time on the ground that the sentencing judge had contravened both the federal Constitution and Sentencing Guidelines by imposing a $175,000 fine upon Tse despite knowing that he was unable to pay that amount. The government filed a response to Tse's motion in June, 2005, in which it argued that this Court lacked jurisdiction to consider Tse's claim because, as a second/successive habeas petition, its consideration was conditioned upon certification by the court of appeals, as required by 28 U.S.C. §§ 2244 and 2255. Furthermore, the government contended that Tse's claim of error was unlikely to be certified because 1) it had not been raised in his earlier appeal

or initial habeas petition and 2) it was not based upon newly discovered evidence or a new rule of constitutional law.  In July, 2005, the Court dismissed Tse's second petition, stating that it lacked jurisdiction to entertain the matter.

Soon thereafter, Tse moved for reconsideration of the Court's order and for leave to amend his § 2255 motion, contending that leave should be granted because 1) the government's response to his habeas petition had been filed approximately two months past the Court-imposed deadline and 2) Tse desired to state his claims of error with greater particularity.  The Court denied petitioner's motions for reconsideration and leave to amend in October, 2005.

In February, 2006, Tse filed the pending COA application with respect to the Court's dismissal of his second petition for habeas corpus.  He contends that a COA should be issued with respect to 1) whether the Court erred by denying his motion for leave to amend given that his sentencing may have violated his rights under Apprendi v. New Jersey, 530 U.S. 466 (2001), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and, correspondingly, 2) whether the fine imposed, if in violation of Apprendi, supra, was a structural error that should not be subject to harmless error review.  Tse's basis for his latter point is the United States Supreme Court's decision to grant a petition for writ of certiorari in Washington

v. Recuenco, 110 P.3d 188 (Wash. 2005), cert. granted, 126 S.Ct. 478 (Oct. 17, 2005) (No. 05-83), which involves the proper standard of review for error in defining a sentence enhancement to the jury.

Pursuant to 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right". In deciding upon an application for a COA, a district judge must state which issues, if any, satisfy the standard set forth in § 2253(c)(2) or the reasons for denying the application. First Cir. Loc. R. 22.1(a).

The applicable standard for issuance of a COA depends upon whether the petition for which appeal is sought was denied upon substantive or procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Tse's petition for habeas corpus was denied for his failure to certify a second/successive motion, this Court may issue a COA if "the petitioner shows ... that jurists of reason would find it debatable whether petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling". Id.

Without considering whether jurists of reason could debate the constitutional merits of the Court's imposition of a $175,000 fine, Tse's request for a COA fails because he has clearly not

met the second prong of the applicable standard. It is undeniable that he failed to obtain certification for his second habeas petition and that such failure was not remediable by amendment to that petition. Consequently, there is no room to debate the Court's procedural ruling. Id. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

### ORDER

For the foregoing reasons, petitioner's request for a Certificate of Appealability (Docket No. 26) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: June 15, 2006